J-S23011-26                    2026 PA Super 158

| DOLORES DUGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW DUGAN | : | No. 3167 EDA 2025 |

Appeal from the Order Entered November 7, 2025
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): CV-2025-00613,
PACSES: 57030337

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY LAZARUS, P.J.:                          **FILED JULY 23, 2026**

Dolores Dugan (Wife) appeals from the order, entered in the Court of Common Pleas of Delaware County, denying her *de novo* appeal in this support matter.[1]  After careful review, we affirm.

Wife and Appellee Matthew Dugan (Husband) were married on December 23, 1989, and separated on January 15, 1997.  Husband continued to support Wife financially for more than 27 years following their separation.  In July 2024, Wife began living at Revelle Senior Living Nursing Home.  In September 2024, the parties sold the marital home for $300,000.00.  Wife

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Because neither of the parties have filed for divorce, the court's November 7, 2025 order is appealable.  **See Hasson v. Hasson**, 696 A.2d 221 (Pa. Super. 1997); **but see Leister v. Leister**, 684 A.2d 192 (Pa. Super. 1996) (spousal support order not appealable until all economic issues as part of divorce action have been resolved).

received the proceeds of the sale, which totaled $309,554.00.[2] The parties dispute whether Husband agreed to give Wife the proceeds from the sale of the house in exchange for him ceasing to make post-separation payments. *See* N.T. *De Novo* Support Hearing, 10/14/25, at 8-9, 34-36.

On June 2, 2025, Wife, via her agent under a power of attorney,[3] filed a complaint for spousal support.[4] The support complaint notes that the parties have not filed for divorce. *See* Spousal Support Complaint, 6/2/25, at 1. On July 9, 2025, a support conference officer made the following findings of fact: Husband agreed to let Wife keep the proceeds from the sale of the marital residence; Wife's agent stated the sale proceeds are being used for Wife's care; Wife's monthly rent is $2,795.00; Wife receives $1,516.00 in monthly social security benefits; and Husband receives $4,000.00 in monthly social security benefits. *See* Summary of Trier of Fact, 7/9/25, at 2, 3. *See also* Pa.R.C.P. 1910.11(e) (requiring summary by conference officer).

_____

[2] Wife's counsel stated that the proceeds from the sale were in a Vanguard account at the time of the support hearing. *See* N.T. *De Novo* Support Hearing, 10/14/25, at 61.

[3] Due to the fact that Wife was in a nursing home at the time, Wife's daughter, as Wife's agent under a power of attorney, filed the support complaint. *See* Summary of Trier of Fact, 7/9/25, at 2. Wife, who was eighty-five-years-old at the time of the support hearing, suffers from severe Alzheimer's Disease. *Id.* at 20.

[4] As the trial court noted, this was not a petition to modify support because no support order had ever been entered. *See* N.T. *De Novo* Support Hearing, 10/14/25, at 43.

Following an August 7, 2025 support hearing, a hearing officer entered the following order dismissing Wife's claim for support:

Jennifer Munroe[,] [Agent] for [Wife,] was present. Parties are still married and no divorce action was initiated despite being separated for over 28 years. The parties were together as husband and wife for approximately 8 years. The parties owned real estate that recently sold and [Wife] retained the proceeds from the sale of approximately $300,000.00[.] [Wife] is currently residing in a nursing care facility and has social security income of approximately $1,500.00 per month. [Husband] receives approximately $4,000.00 per month in social security benefits and receives a draw or salary of approximately an additional $4,000.00 per month. Arguments were made regarding entitlement to spousal support with supporting law[. W]hile it appears that [Wife] is entitled[,] pursuant to the statute[,] to file for spousal support[,] the facts of this case[,] specifically related to the length of marriage, the separation of the parties for 28 years[,] and the support/assets received [by Wife] over 28 years[,] the equities and fairness inherent in these requests dictate[] that the petition for support be dismissed.

Order, 8/7/25. Wife filed a *de novo* appeal.

On October 14, 2025, the trial court held a *de novo* support hearing, pursuant to Pa.R.C.P. 1910.11(i). At the hearing, Husband, who was seventy years old, provided documentation of payments he voluntarily made to Wife over the prior seven years, totaling over $500,000.00.[5] ***See*** N.T. *De Novo* Support Hearing, 10/14/25, at 10. Husband's counsel also produced a year-to-date pay stub showing Husband's gross income was $192,307.00—for a $250,000.00 yearly gross income and net income of $184,033.00/year. ***Id.***

_____

[5] The payments included mortgage payments, cash deposits, loan payments, and car payments. ***See*** N.T. *De Novo* Support Hearing, 10/14/25, at 10.

- 3 -

at 62-63, 70. Finally, Husband's counsel stated that Husband receives $4,361.00 per month in social security income. **Id.** at 63.

Wife's counsel stated at the hearing that Wife's monthly social security benefits of $1,516.00 are her sole source of income. **See id.** at 5-6, 50. Wife's counsel submitted bills showing Wife's monthly expenses total $5,845.00 (representing $5,459.00 in rent and $350.00 in medication costs). **See id.** at 54. Although Wife's counsel admitted that Wife received $300,000.00 from the sale of the marital home in 2024, he stated that "that has been depleted." **Id.** At the conclusion of the hearing, the trial court held the matter under advisement and ordered the parties to submit briefs on the issue of whether Husband's post-separation payments to Wife constituted a gift and whether the sale of the parties' marital home is considered income. **See** Order, 10/14/25, at 1.

On November 7, 2025, following the parties' submission of post-hearing memoranda, the court entered an order denying Wife's support claim. The order states:

> The parties were married a total of eight (8) years, yet they have been separated for twenty-eight (28) years. Since separation, nearly all twenty-eight (28) years, [Husband] has made payments towards [Wife's] personal expenses totaling several hundred[s of] thousand[s] of dollars. Thus, [Husband] has provided support to [Wife] in excess of three (3) times the length of the marriage. Moreover, in 2024, [Wife] received funds in an amount slightly in excess of $300,000[.00] from the sale of jointly owned property, of which [Husband] did not receive a share of the sale proceeds.

Order, 11/7/25.

Wife filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b)

concise statement of errors complained of on appeal. Wife raises the following

issues for our consideration:

(1)     Did the trial court err as a matter of law in its application of Pa.R.C[.]P. 1910.16-5[,] which permits deviations for support obligations [but] not the denial of that obligation[?]

(2)     Did the trial court err as a matter of law and commit an abuse of discretion by considering the voluntary payments made by [Husband] prior to the initiation of the support obligation as a basis for deviation from and/or a termination of [Husband's support] obligation[?]

(3)     Did the trial court err as a matter of law and abuse its discretion by considering the sale of a primary residence as income available for support where such proceeds are excluded from the statutory definition of "dealings in property[?]"

Appellant's Brief, at 3.

> Our standard of review in spousal support cases is well[-]settled: this Court must determine whether the trial court has abused its discretion. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court. An abuse of discretion is not merely an error of judgment, but rather a determination that the trial court has misapplied the law, or has exercised judgment which is manifestly unreasonable, or is the product of partiality, prejudice, bias[,] or ill will as demonstrated by the evidence of record.

**Speaker v. Speaker**, 183 A.3d. 411, 414-15 (Pa. Super. 2018) (internal

citations and quotation marks omitted).

"The duty to provide spousal support is derived from marital

obligations." **Horn v. Horn**, 564 A.2d 995, 996 (Pa. Super. 1989) (citation

omitted). Thus, the spousal support obligation terminates when the marriage

does. **Remick v. Remick**, 456 A.2d 163, 166 n.3 (Pa. Super. 1983).

Moreover, "[t]here is no public policy or legal reason why an adult spouse may not, under the proper circumstances, waive [his or] her right to future support." ***White v. White***, 313 A.2d 776, 779 (Pa. Super. 1973).

Generally, "[m]arried persons are liable for the support of each other according to their respective abilities to provide support as provided by law." 23 Pa.C.S.A. § 4321(1).[6]   Actions for spousal support may also be filed pursuant to Pa.R.C.P. 1910.1, *et seq*."[7]  ***See*** Pa.R.C.P. 1910.1(a) ("[T]he rules of this chapter govern all civil actions or proceedings brought in the court of common pleas to enforce a duty of support, or an obligation to pay alimony *pendente lite*.").

In her first issue, Wife contends that the trial court erred in its application of Rule 1910.16-5.  Specifically, she argues that the rule does not permit a court to deny support, but only permits deviations from support obligations.  We disagree.

Rule 1910.16-5 clearly states that a "trier-of-fact **may** deviate from the basic [] spousal support" when he or she "determines a deviation **is appropriate** based on the factors in subdivision (b) of the rule."  Pa.R.C.P.

---

[6] The Divorce Code (Code), 23 Pa.C.S.A. §§ 3101-3904, also provides that "[**i]n proper cases**, upon petition, the court **may** allow a spouse reasonable . . .  spousal support[.]"  23 Pa.C.S.A. § 3702(a) (emphasis added). Additionally, courts have original jurisdiction under the Code "in cases of divorce and for the annulment of void or voidable marriages[.]"  ***Id.*** at § 3104(a).  Again, here the parties have not filed for divorce or annulment.

[7] "[C]laims for . . . spousal support . . . shall be raised in the domestic relations section by filing a complaint pursuant to [Rule] 1910.4."  Pa.R.C.P. 1920.31(a)(2).

1910.16-5(a)(1), (2) (emphasis added). A deviation applies to the total support obligation amount or its duration. *See* Pa.R.C.P. 1910.16-5(b), cmt. Rule 1910.16-5 sets forth nine factors a court shall consider when deciding whether to deviate from the basic spousal support, including "the duration of the marriage from the date of marriage to the date of final separation[] and [] other relevant and appropriate factors[.]" Pa.R.C.P. 1910.16-5(b)(8), (9).

As stated above, when a court deviates from the traditional support guidelines, that deviation may affect the total support obligation or its duration. Thus, it is possible that an appropriate downward deviation, based on the above-cited factors, could result in no support obligation for a party. *See id.*, cmt. (2005) (primary purpose of subsection (b)(8) is "to prevent the unfairness that arises in a short-term marriage when the obligor is required to pay support over a substantially longer period of time than the parties were married and there is little or no opportunity for credit for these payments at the time of equitable distribution"). Accordingly, Wife's claim has no merit.

Wife next argues that the court erred when it considered Husband's voluntary post-separation payments, made before the initiation of the support action, as a reason to deny her request for support.

"In determining a spousal support . . . obligation's duration, the trier-of-fact shall consider the marriage's duration, *i.e.*, the date of marriage to the date of final separation." Pa.R.C.P. 1910.16-1. Moreover, if a trier-of-fact determines that a party has a duty to pay support, there is a rebuttable presumption that the guideline-calculated obligation is the correct support

obligation. *See* Pa.R.C.P. 1910.16-1(d). The presumption may be rebutted, however, "if the trier-of-fact concludes in a written finding or states on the record that the guideline support obligation is **unjust or inappropriate**." Pa.R.C.P. 1910.16-1(d)(1) (emphasis added). Relatedly, comment G to Rule 1910.16-1 states:

> The primary purpose of this provision is to **prevent the unfairness** that arises in a short-term marriage when the obligor is required to pay support over a substantially longer period of time than the parties were married and there is little or no opportunity for credit for these payments at the time of equitable distribution.

*Id.*, cmt. G (2010) (emphasis added).

As the trial court noted, when making its decision to deny Wife's support claim:

> [It] considered the substantial money given to [Wife], over nearly 20 years post-separation, the fact that [Wife] had been involved in a serious long-term relationship since separation, and the other assets available to [Wife.] The money[] given to [Wife] was not used to determine a deviation from income . . . but was rather one of the many factors the [c]ourt initially considered when concluding that an award of [support[8]] was not proper in this case.

_____

[8] The trial court uses the term "alimony *pendente lite*" (APL) several times throughout its opinion. APL is "[a]n order for temporary support granted to a spouse **during the pendency of a divorce or annulment proceeding**." 23 Pa.C.S.A. § 3103 (emphasis added). *See DeMasi v. DeMasi*, 597 A.2d 101, 104-05 (Pa. Super. 1991) (APL based on need of one party to have equal financial resources to pursue divorce proceeding; APL based on state of litigation), *but see id.* at 104 ("alimony[, by contrast,] is not available until **after the divorce decree has been entered**") (emphasis added). As previously noted, at the time of the instant appeal, neither party had filed for divorce. *See supra* note 1. Thus, the proper term for Wife's claim is spousal support, not APL. *See also* Pa.R.C.P. 1910.4(b) ("A party shall commence an action for [APL] by filing a complaint in the domestic relations section **if a**
*(Footnote Continued Next Page)*

Trial Court Opinion, 1/19/26, at 2 (unpaginated).

"In evaluating a spouse's support obligation, the trial court must consider the spouses' income, potential earning capacity, and other property and financial resources[.]" ***Brotzman-Smith v. Smith***, 650 A.2d 471, 475 (Pa. Super. 1994). "[I]n addition, the amount of the award must be fair, non[-]confiscatory, and attendant to the circumstances of the parties." ***Haselrig v. Haselrig***, 840 A.2d 338, 340 (Pa. Super. 2003). Based on the fact that Wife received almost 28 years of post-separation support from Husband—totaling hundreds of thousands of dollars—after a marriage that lasted only eight years, we cannot find that the trial court's decision to deny Wife's support claim was an abuse of discretion. ***Speaker***, ***supra***; Pa.R.C.P. 1910.16-1, cmt. G. ***See also Hasson***, ***supra*** (where trier-of-fact makes specific findings on record to justify deviations form support guideline amount, presumption that guideline amount is correct is rebutted).

Finally, Wife contends that the trial court abused its discretion by considering the sale of the parties' residence as income[9] available for support

_____

**divorce action has been filed with the prothonotary**.") (emphasis added).

[9] Under 23 Pa.C.S.A. § 4302, income includes:

> [C]ompensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions[,][ and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of

*(Footnote Continued Next Page)*

where the sale proceeds are excluded from the statutory definition of "dealings in property." Appellant's Brief, at 8.

First, the trial court states that it considered the proceeds of the sale of the marital home as an asset, not income, when it made its decision to deny Wife support. *See* Trial Court Opinion, 1/19/26, at 3 (unpaginated). Second, the court noted that "the money [] from the sale of [the] property[] was not used to determine a deviation from income, . . . but was one of many factors the [c]ourt considered when concluding that an award of [spousal support] was not proper in this case." *Id.*

A court shall consider "other relevant and appropriate factors" when deciding whether to deviate from the basic spousal support. Pa.R.C.P. 1910.16-5(b)(9). Moreover, "[i]n determining the reasonable needs of the [] spouse seeking support . . ., the guideline shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for . . . other factors, **such as the parties' assets**, as warrant special attention." 23 Pa.C.S.A. § 4322(a) (emphasis added). Based upon

_____

indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

23 Pa.C.S.A. § 4302.

- 10 -

Rule 1910.16(5)(b) and subsection 4322(a), we conclude that the court did not abuse its discretion when it considered, among other factors, the more than $300,000.00 Wife received from the sale of the parties' marital home and concluded she was not entitled to receive spousal support.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2026